## CIRCUIT COURT OF FAIRFAX COUNTY

Honarvar

v.

Kangarloo

November 8, 2000

Case No. C167966

BY JUDGE JONATHAN C. THACHER

This matter came before this Court on October 20, 2000, on the Defendant's Demurrer and Motion to Strike the Complainant's Bill of Complaint to Enforce Gift. After careful consideration of the arguments of both counsel, submitted briefs, and a review of the applicable law, this Court overrules the Defendant's Demurrer and denies the Motion to Strike. The question before this Court with respect to Defendant's demurrer is whether or not the disputed property, a condominium, was intended as a gift from the Defendant to the Complainant.

The parties in this case were married on November 27, 1987. They separated on January 12, 1998, and entered into a permanent separation agreement on July 6, 1998. The final divorce decree, incorporating the separation agreement, was entered on July 12, 1999. The record indicates that the Defendant Husband purchased the condominium on December 30, 1998, after the separation agreement and prior to the final divorce decree.

"Generally, property acquired by one partner after the last separation when at least one of the parties intends that the separation be permanent is not acquired ... during the marriage or as part of the marital partnership and will not be marital property, unless it was obtained, at least in part, with marital funds." See *Dietz v. Dietz*, 17 Va. App. 203, 436 S.E.2d 463 (1993). Thus, the condominium is a separate property of the Defendant Husband and within his discretion to maintain or relinquish.

The law in Virginia allows the transfer of real property by gift and § 55-2 of the Code of Virginia, 1950, as amended, contemplates such transfers. In

*Creed v. Goodson*, as in the present case, "[while] the writing is undoubtedly very crudely drawn ... the intention of the parties we think is quite clear and their subsequent conduct renders the writing sufficiently clear to entitle ... a conveyance of the land referred to therein." See 153 Va. 98, 149 S.E. 509 (1929). "In order to make a valid gift inter vivos, the donor must intend at the time to make a gift, and there must be such actual or constructive delivery as divests the donor of all dominion and control over the property and invests the donee therewith." See *Wrenn v. Daniels*, 200 Va. 419, 106 S.E.2d 126 (1958). "A person who claims ownership to property by gift must establish by clear and convincing evidence the elements of donative intent and actual or constructive delivery." See *Rust v. Phillips*, 208 Va. 573, 159 S.E.2d 628 (1968).

The facts in the Bill of Complainant allege that the Defendant Husband purchased the condominium and announced on December 30, 1998, that he was giving the condominium to the Complainant Wife. At such time, he gave her the keys to the door along with a written statement of gift he executed stating that he had bought the property for her. The Complainant Wife resided in the property for a number of months before she was forced to vacate as a result of the Defendant Husband's harassment.

The Complainant's Motion to Enforce Gift has previously been argued before this Court during the Defendant's Plea in Bar. In that proceeding, the Court denied the Plea in Bar and allowed the suit to enforce gift to continue. The current Demurrer addresses the same issue while using an alternative judicial proceeding, which this court views as an unjustified "second bite of the apple."

Based on these facts and for the purposes of the present Motion, it is the Court's opinion that the Complainant has properly pleaded the necessary elements to illustrate the Defendant's intent to transfer his interest in the condominium to that of the Complainant.

For these reasons, the Defendant's Demurrer is overruled and the Motion to Strike is denied. Furthermore, based on the evidence presented, the Court awards attorney's fees for the Complainant Wife in the amount of $600.00.